**O**
**JS-6**

# United States District Court
# Central District of California

| | |
|---|---|
| ABBEY APT, L.P., | Case No. 2:14-cv-05026-ODW(RZx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION TO** |
| JEROME ROBINSON and DOES 1–5, | **LOS ANGELES COUNTY** |
| inclusive, | **SUPERIOR COURT** |
| Defendants. | |

On July 3, 2014, Defendant Jerome Robinson removed this unlawful-detainer action to this Court, invoking civil-rights jurisdiction under 28 U.S.C. § 1443(1) and federal-question jurisdiction under 28 U.S.C. § 1331. (ECF No. 3.)  Having carefully considered the papers filed in conjunction with Robinson's Notice of Removal, the Court finds that it lacks subject-matter jurisdiction over this case.  The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number 14U06629.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  But courts strictly construe the removal statute against removal jurisdiction, and

1   "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal

2   in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The

3   party seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*

4   *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d

5   at 566).

6          Federal courts have original jurisdiction where an action presents a federal

7   question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332.

8   "The presence or absence of federal-question jurisdiction is governed by the 'well-

9   pleaded complaint rule,' which provides that federal jurisdiction exists only when a

10  federal question is presented on the face of the plaintiff's properly pleaded

11  complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A plaintiff may

12  therefore avoid federal jurisdiction by relying exclusively on state law, and "federal

13  jurisdiction cannot be predicated on an actual or anticipated defense." *Vaden v.*

14  *Discover Bank*, 556 U.S. 49, 60 (2009); see also *Hunter v. Phillip Morris USA*, 582

15  F.3d 1039, 1042–43 (9th Cir. 2009).

16         Robinson premises his removal on civil rights and federal-question grounds.

17  Robinson contends that this Court has original jurisdiction under 28 U.S.C. § 1443

18  because he refused to pay rent due to oppression and racial discrimination by Plaintiff

19  Abbey Apartments.  (Not. of Removal 8.)  Robinson further argues that because he

20  experienced oppression as a tenant in a federally-funded housing facility, "there lies

21  profound federal questions as to whether or not [Abbey Apartments] can operate such

22  program, let alone evict [him] for refusing to suffer under the status quo."  (Not. of

23  Removal 12.)

24         But Robinson's grounds for removal are misguided.  First, any federal defense

25  raised by Robinson is irrelevant with regard to jurisdiction.  *Vaden*, 556 U.S. at 60;

26  *Hunter*, 582 F.3d at 1042–43.  Moreover, Abbey Apartments—the owner of the

27  residential property at issue—brought this action against Robinson because he has

28  unlawfully remained in possession of the property after failing to pay rent.  (Not. of

1  Removal 6.)  An unlawful-detainer action is purely a creature of state—not federal—

2  law. *Galileo Fin. v. Miin Sun Park*, No. 09-1660, 2009 WL 3157411, at *1 (C.D. Cal.

3  Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a

4  cause of action that is purely a matter of state law.  Thus, from the face of the

5  complaint, it is clear that no basis for federal question jurisdiction exists.").  The Court

6  finds no federal question arising out of the claims brought by Abbey Apartments.

7  Furthermore, removal under 28 U.S.C. § 1443 is also improper in this case because

8  Robinson has failed to meet the requirements for removal under the statute.  *See Patel*

9  *v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (holding that removing

10  defendants must demonstrate that rights "are given to them by explicit statutory

11  enactment protecting equal racial civil rights," and "that the state courts will not

12  enforce that right, and that allegation must be supported by reference to a state statute

13  or constitutional provision that purports to command the state courts to ignore the

14  federal rights").

15        For the reasons discussed above the Court finds that removal was improper in

16  this action and the Court lacks subject-matter jurisdiction.  Accordingly, the Court

17  **REMANDS** this case to the Los Angeles County Superior Court, case number

18  14U06629.  The Clerk of the Court shall close this case.

19        **IT IS SO ORDERED.**

20

21        July 9, 2014

22

23        _____

24              **OTIS D. WRIGHT, II**
        **UNITED STATES DISTRICT JUDGE**

25

26

27

28

    cc: order, docket, remand letter to
    Los Angeles Superior Court, no. 14U06629